IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA for the use and benefit of REECE ALBERT, INC. | § § § § § | |
| *Plaintiff,* | § § | |
| vs. | § § § | CIVIL ACTION NO. 5:20-cv-00235 |
| MILCON CONSTRUCTION, LLC, and DEVELOPERS SURETY AND INDEMNITY COMPANY | § § § § | |
| *Defendants.* | | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE COURT:

Reece Albert, Inc. ("RAI"), plaintiff in the above-entitled and numbered case, complains of defendants Milcon Construction, LLC ("MILCON") and Developers Surety and Indemnity Company ("DSIC"), files its Original Complaint, and would respectfully show the Court the following:

## JURISDICTION

1. Subject matter jurisdiction over Count Four set forth herein is conferred upon this Court pursuant to the Miller Act, 40 U.S.C. § 3131, *et seq*. This Court has original jurisdiction over this case pursuant to 28 U.S.C. § 1352 because Count Four is a claim upon a surety bond executed under the laws of the United States. Furthermore, this Court has supplemental jurisdiction over the remaining Counts set forth herein pursuant to 28 U.S.C. § 1367, as these claims for relief

*Plaintiff's Original Complaint - Page 1*

arise out of a common nucleus of operative facts, and form part of the same case and controversy as Count Four.

## VENUE

2. Venue is proper in the United States District Court for the Western District of Texas, San Antonio Division, pursuant to the forum selection clause mandating this venue contained within the contract between RAI and MILCON.

## PARTIES

3. RAI is a corporation organized under the laws of the State of Texas. RAI is authorized to conduct business in the State of Texas, and its principal place of business is in Texas.

4. MILCON is a Limited Liability Company organized under the laws of the State of Texas. MILCON is authorized to conduct business in the State of Texas, and its principal place of business is in Texas. MILCON can be served through its registered agent, Armando A Aranda, Jr. at 225 E. Locust, San Antonio, TX 78212.

5. DSIC is a corporation organized under the laws of the State of California. DSIC is licensed to conduct insurance business in Texas, and its principal place of business is in California. DSIC can be served through its registered agent, Corporation Service Company, at 211 E. 7th St., Suite 620, Austin, TX 78701-3218.

## FACTS

6. MILCON is a general contractor who performs and provides construction services for its clients. MILCON entered into Prime Contract No. F41999-17-0033 with the United States

of America through AFNAPO/SVC and the United State Air Force ("USAF") to construct a Temporary Lodging Facility at Goodfellow Air Force Base in San Angelo, Texas (the "Project"). MILCON at all times was the prime contractor on the Project.

7. RAI and MILCON entered into a Standard Subcontract Agreement on or about April 12, 2017 for RAI to perform labor and provide materials including, *inter alia,* sitework, landscaping, concrete curbs, and asphalt paving for the Project ("Subcontract"). RAI's work involved sitework, landscaping, concrete curbs, and asphalt paving. RAI commenced its work in a timely manner and completed its contractual obligations in a good and workmanlike manner. RAI completed its work and is entitled to payment.

8. The original Subcontract amount was $244,000.00. RAI has received payment of some prior invoices, however, the amount of $79,029.60 remains due and is unpaid. RAI is entitled to payment of $79,029.60 from Milcon.

9. MILCON, as principal, contracted with DSIC, as surety, for DSIC to provide a payment bond in favor of the obligee United States of America and/or USAF, being Bond No. 714330P (the "Bond"), in an amount equal to the total amount of the contract between MILCON and USAF, for the protection of entities such as RAI for providing labor and materials on the Project. The Bond is intended to give RAI a source of payment if MILCON does not pay RAI for the work it performs on the Project.

10. RAI completed its work on the Project in February of 2019. As of February 26, 2020 MILCON and DSIC have not made any payments to RAI for the work it performed and materials it supplied on the Project. RAI is entitled to payment from MILCON and DSIC for $79,029.60.

## COUNT ONE - BREACH OF CONTRACT

11. RAI incorporates the allegations contained in paragraphs 1 through 10 as if fully set forth herein.

12. RAI entered into the Subcontract with MILCON under which RAI agreed to provide labor and materials on the Project. These labor and materials were provided by RAI on the Project. MILCON has breached the Subcontract between the parties by failing to provide payment for labor performed and materials provided by RAI.

13. MILCON's breach of the Subcontract has caused RAI to suffer actual, incidental, and consequential damages for which it seeks judgment against MILCON.

14. All conditions precedent have been performed by RAI.

## COUNT TWO - IMPLIED CONTRACT

15. RAI incorporates the allegations contained in paragraphs 1 through 14 as if fully set forth herein.

16. Without waiving the foregoing and pleading in the alternative, RAI would show that it entered into implied contracts with MILCON under which RAI supplied labor and materials on the Project on behalf of MILCON. MILCON agreed to pay RAI for such labor and materials.

17. Although RAI has fully performed and demanded payment, MILCON has failed to pay, harming RAI. MILCON's actions have caused RAI to incur actual, incidental, and consequential damages for which it seeks judgment against MILCON.

18.     All conditions precedent have been performed by RAI.

## **COUNT THREE - UNJUST ENRICHMENT/QUANTUM MERUIT**

19.     RAI incorporates the allegations contained in paragraphs 1 through 18 as if fully set forth herein.

20.     Without waiving the foregoing and pleading in the alternative, RAI provided labor and materials on the Project on behalf of MILCON, and MILCON knowingly accepted the labor and materials provided by RAI. The labor and materials provided by RAI were of great benefit to MILCON, and MILCON would be unjustly enriched if it were not required to pay for such labor and materials. Although requested by RAI to pay the outstanding amounts due, MILCON has refused to do so and continues to refuse to do so.

21.     RAI is entitled to reimbursement for the reasonable value of the labor and materials provided by RAI under the theory of quantum meruit. The reasonable value for such labor and materials is $79,029.60, for which RAI seeks judgment against MILCON.

## **COUNT FOUR - MILLER ACT PAYMENT BOND CLAIM**

22.     RAI incorporates the allegations contained in paragraphs 1 through 21 as if fully set forth herein.

23.     DSIC, as surety, and MILCON, as principal, executed and delivered to the USAF, as obligee, the Bond. The Bond was for the benefit of certain subcontractors and suppliers on the Project, such as RAI. The Bond was executed in accordance with the provisions of the Miller Act, 40 U.S.C. § 3131 *et seq.* and named the USAF as the obligee on the Bond.

24. RAI has performed all necessary obligations and conditions precedent under the Subcontract. Alternatively, all such obligations and conditions have been waived or excused.

25. A period of more than ninety days, but less than one year, has expired since RAI has last performed the labor and furnished the materials for which the claims herein are made, such labor and materials being performed and furnished in accordance with the Subcontract, and used in the prosecution of the work set forth in the Subcontract.

26. MILCON and DSIC are jointly and severally liable to RAI for its work performed on the Project in the amount of $79,029.60, and any and all consequential damages incurred.

## COUNT FIVE ATTORNEYS' FEES

27. RAI incorporates the allegations contained in paragraphs 1 through 26 as if fully set forth herein.

28. RAI has been required to obtain legal counsel to institute and prosecute this action because MILCON committed the improper actions referenced herein and breached the Subcontract with RAI. Due to the facts set forth above, RAI is entitled to recover its reasonable and necessary attorneys' fees and expenses as compensation against MILCON pursuant to Section 38.001 et seq. of the Texas Civil Practice and Remedies Code. RAI is entitled to recover its attorneys' fees through and including the trial of this case, plus all post-verdict and post-judgment motions, as well as all appeals and appellate steps taken in connection with this matter.

## COUNT SIX - INTEREST

29. RAI is entitled to pre-judgment and post-judgment interest on all damages it has incurred in this matter.

## CONDITIONS PRECEDENT

30. All conditions precedent to RAI's entitlement to judgment for its claims and causes of action have occurred, or have been satisfied, waived, or excused.

WHEREFORE, for the foregoing reasons, RAI requests that MILCON and DSIC be cited to appear and answer, and that upon final hearing or trial, that the Court enter judgment against MILCON and DSIC, jointly and severally, in favor of RAI for all actual damages, incidental damages, consequential damages, expenses, attorneys' fees, interest, pre-judgment interest, post-judgment interest, and costs of Court.

Respectfully submitted,

**JACKSON WALKER LLP**

By: /s/ Samuel S. Allen
Samuel S. Allen
State Bar No. 01057000
136 W. Twohig Avenue, Suite B
San Angelo, Texas 76903
(325) 481-2558
(325) 481-2571 - Fax
Email: sallen@jw.com

ATTORNEYS FOR PLAINTIFF